Parenteau v. Saul

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty.

PRESENT:
JOHN M. WALKER, JR.,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
            *Circuit Judges.*
_____

Edmond George Parenteau,

            *Plaintiff-Appellant*,

            v.                                                              19-828

Andrew Saul, Social Security Commissioner,

            *Defendant-Appellee*,

Laura Middleton, Appeals Officer,

            *Defendant*.
_____

FOR PLAINTIFF-APPELLANT:          Edmond G. Parenteau, pro se, Bainbridge, NY.

FOR DEFENDANT-APPELLEE:          Kristina Cohn, Special Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of

New York; Ellen E. Sovern, Regional Chief Counsel-Region II, Office of General Counsel, Social Security Administration, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edmond Parenteau, proceeding pro se, appeals from the March 4, 2019 judgment of the district court (Hummel, *M.J.*) granting judgment on the pleadings to the Commissioner of Social Security ("Commissioner") in Parenteau's appeal from the Commissioner's denial of his application for supplemental security income benefits ("SSI"). Parenteau also appeals from the district court's denial of his motions for default judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, the Court conducts a de novo review of the administrative record "'to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

We conclude that the Commissioner's decision was supported by substantial evidence and that the district court correctly granted judgment on the pleadings to the Commissioner. To be eligible for SSI, an applicant's income cannot exceed the applicable monthly Federal Benefit Rate. *See* 20 C.F.R. § 416.1100. When an applicant is married, the SSA deems the income of the applicant's spouse to be the applicant's if the spouse is ineligible for SSI and lives in the same household as the applicant. 20 C.F.R. § 416.1160(a), (d). Parenteau's wife was ineligible for SSI and had a monthly income of $1,214. This income was properly deemed to Parenteau because his wife resided with him during the relevant time period. *See* 20 C.F.R. § 416.1163(d)(2) (explaining that the SSA will subtract the couple's combined income from the Federal Benefit Rate to determine eligibility). Parenteau was thus ineligible for benefits because his combined household income exceeded the then-applicable $1,100 Federal Benefit Rate for couples.[1]

---

1 Soc. Sec. Admin., *Federal Benefit Rates, Total Annual Payments, and Total Recipients, Table 1: Monthly federal SSI benefit rates, 1974–2017 (in dollars)*,
https://www.ssa.gov/policy/docs/statcomps/ssi_asr/2016/sect01.html.

Parenteau also argues that the district court erred by denying his motions for default judgment because he filed a civil lawsuit governed by the Federal Rules of Civil Procedure and the Commissioner had defaulted under those rules. This argument is meritless. We review a district court's rulings on a motion for default judgment for abuse of discretion. *Covino v. Vt. Dep't of Corr.,* 933 F.2d 128, 130 (2d Cir. 1991). Under General Order 18 of the Northern District of New York, the local rule governing procedures in social security appeals, the Commissioner was permitted up to 90 days after service of Parenteau's complaint to file the certified administrative record ("CAR"), which would constitute its answer. The complaint was electronically served pursuant to General Rule 18 on January 2, 2018. The Commissioner filed the CAR on March 20, 2018, within the 90-day period. Accordingly, there was no abuse of discretion.

Finally, Parenteau asserts that the magistrate judge was biased against him and the case should have been assigned to another magistrate judge to prevent further bias when he filed a motion for reconsideration. But adverse rulings do not constitute bias and are insufficient on their own to show that the court will be biased against a party on reconsideration of the prior orders. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We have reviewed the remainder of Parenteau's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3